**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ZENIMAX MEDIA INC., ID SOFTWARE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY, FACEBOOK, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:16-MC-00051-ALM |

**ORDER**

Pending before the Court are Samsung Electronics America, Inc.'s ("Samsung") Motion to Transfer ("Motion to Transfer") [Dkt. 5], ZeniMax Media Inc. and id Software LLC's (together "ZeniMax") Response to Samsung Electronics America, Inc.'s Motion to Transfer [Dkt. 12], and Samsung's Reply in Support of Its Motion to Transfer [Dkt. 13]. On August 24, 2016, United States District Judge Amos L. Mazzant referred Samsung's Motion to Transfer [Dkt. 5] to the undersigned for consideration and a determination or recommended disposition pursuant to 28 U.S.C. § 636 [Dkt. 9]. After considering the Motion to Transfer, ZeniMax's Response, Samsung's Reply, and any other relevant pleadings, the Court finds that the Motion to Transfer should be **GRANTED**.

**BACKGROUND**

The Motion to Transfer arises in connection with the case ZeniMax Media Inc., id Software, LLC v. Oculus VR, LLC *et al.*, Civil Action No. 3:14-cv-018490K, currently pending before the Honorable Ed Kinkeade in the United States District Court for the Northern District of

Texas, Dallas Division (hereinafter the "underlying litigation") [Dkt. 1 at 1]. Therein ZeniMax seeks damages for Defendants' alleged infringement and misappropriation of its intellectual property. ZeniMax argues that "Oculus [VR, LLC *et al.*] continued to use ZeniMax's [virtual reality] technology and intellectual property without permission or license" after one of ZeniMax's key employees left ZeniMax and began working for Oculus VR, LLC. *Id.* at 4.

On June 9, 2016, ZeniMax obtained a Rule 45 subpoena, issued from the Northern District in the underlying litigation, and directed at Samsung, a non-party to the underlying litigation ("Subpoena") [Dkt. 1, Ex. 5]. The Subpoena seeks "documents and a deposition . . . relating to [Samsung's] relationship with the Defendants [in the underlying litigation]" [Dkt. 1]. ZeniMax and Samsung commenced "meet and confer efforts" regarding the Subpoena that continued for over six weeks [Dkt. 1 at 6]; these efforts culminated in a so-called narrowing agreement that limited the scope of ZeniMax's original requests, *id.* ZeniMax claims that, after this, "attempts to compromise" with Samsung fell through; resulting in ZeniMax filing its Emergency Motion to Compel Production of Documents and Deposition from Samsung Electronics America, Inc. ("Motion to Compel") in the Eastern District of Texas. *Id.* at 2, 6-7.[1]

In its Motion to Compel,[2] ZeniMax claims that "Samsung has not provided any information or documents whatsoever, has not stated whether documents or information are being withheld, has not confirmed that the requested documents and information exist, and has capitulated when asked to provide a date certain by which the requested documents and information would be produced." *Id.* at 2. Through its Motion to Compel, "ZeniMax requests that the Court compel Samsung to comply with the [S]ubpoena . . . subject to the narrowing

[1] ZeniMax filed its Motion to Compel in the Eastern District of Texas as the subpoena requires Samsung's compliance in the Eastern District [Dkt. 1 at 1, Ex. 5]. *See* FED. R. CIV. P. 45(c), (a)(1)(A)(iii).

[2] On August 15, 2016, United States District Judge Amos L. Mazzant referred ZeniMax's Motion to Compel [Dkt. 1] to the undersigned for consideration and a determination or recommended disposition pursuant to 28 U.S.C. § 636 [Dkt. 2].

agreement made by ZeniMax on July 29, 2016[.]" *Id.* Samsung responded by filing its Response to Motion to Compel [Dkt. 6] as well as the present Motion to Transfer [Dkt. 5].

**ANALYSIS**

Samsung argues that its request to transfer ZeniMax's Motion to Compel constitutes consent, which alone suffices under Federal Rule of Civil Procedure 45(f) to permit this Court to transfer ZeniMax's Motion to Compel to the Northern District of Texas [Dkts. 5; 13]. Further, Samsung asserts that transferring ZeniMax's Motion to Compel to the Northern District will facilitate a more expedient and accurate disposition of the Motion to Compel, as that Court will be able better to consider the Motion to Compel in the context of the underlying litigation over which it is presiding [Dkts. 5 at 3-5; 13 at 3-4]. Samsung claims that, in light of all of this, its Motion to Transfer is made in good faith and is appropriate. *Id.* In response, ZeniMax argues at length that there are no "exceptional circumstances" that would merit such transfer. The remainder of its arguments focus on the appropriateness of transfer: ZeniMax contends that the Eastern District is capable of resolving this dispute, that resolution before this Court would be "[s]wift, [f]air, and [a]ppropriate," and that the "further delay [precipitated by transfer] will prejudice ZeniMax" [Dkt. 12 at 3-6].

As a threshold matter, the Court must determine whether Federal Rule of Civil Procedure 45(f) requires, as ZeniMax contends, that "exceptional circumstances" exist as a prerequisite to transfer or if, as Samsung argues, transfer is proper upon consent of the nonparty subject to subpoena. Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it ***may*** transfer the motion under this rule to the issuing court if the person subject to the subpoena consents ***or*** if the court finds exceptional circumstances." FED. R. CIV. P. 45(f) (emphasis added). A facial review of Rule 45(f)'s text suggests that the Rule

permits a court to transfer a subpoena-related motion *either* if the subpoenaed party consents to the transfer *or* if the court finds exceptional circumstances that would justify such transfer. *Id.* Rule 45(f)'s disjunctive structure thus creates two conditions, only one of which need be satisfied for a court to grant transfer. The Advisory Committee's notes confirm the accuracy of this interpretation. *See* FED. R. CIV. P. 45 advisory committee's notes (2013) ("If the person subject to the subpoena consents to transfer, Rule 45(f) provides that the court where compliance is required may do so. *In the absence of consent*, the court may transfer in exceptional circumstances[] . . . ." (emphasis added)); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2451 (3d ed. 2016) (citing Rule 45(f) and noting that "[t]ransfers of subpoena-related motions from the enforcing district to the issuing district can be made if the parties and persons subject to the subpoena consent to the transfer or, absent consent, in 'exceptional circumstances'"); *San Juan Cable LLC v. DISH Network LLC*, Civil Action No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) ("Under Rule 45(f) of the Federal Rules of Civil Procedure, this Court may transfer these motions to the U.S. District Court for the District of Puerto Rico on either of two conditions: if the person subject to the subpoena consents or if the court finds exceptional circumstances." (internal quotations omitted)); *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. Nov. 4, 2014) (applying Rule 45(f) and finding that "[the subpoenaed company] has not consented to transfer, so the relators must demonstrate that exceptional circumstances exist"); *Platinum Props. Inv. Network, Inc. v. AMCO Ins. Co.*, No. 15-mc-213-JAR-TJJ, 2015 WL 5883819, at *2 (D. Kan. Oct. 8, 2015) ("The text of Rule 45(f) and the Advisory Committee's note is clear that, absent consent, subpoena-related motions should be heard in the court where compliance is required, unless the proponent of transfer demonstrates that exceptional

circumstances."). The Court accordingly concludes that Rule 45(f) permits transfer of a subpoena-related motion in the absence of exceptional circumstances, where the nonparty subject to the subpoena consents.[3] It is undisputed that Samsung has consented.

Notwithstanding, even where consent is present, the litigant seeking transfer must still present a good faith, meritorious request for transfer: the litigant must, in other words, demonstrate that transfer is appropriate. *See Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 15 Misc. 359, 2015 WL 9450645, at *4 (S.D.N.Y. Dec. 18, 2015) ("Rule 45 merely permits transfer but does not require it."); *San Juan Cable LLC*, 2015 WL 500631, at *1 (granting transfer where the nonparty subject to the subpoena "requested transfer" after finding that the "requested transfer [did] not appear to be frivolous or made in bad faith"). *But see Orix USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016) ("[T]he Court may *sua sponte* order transfer where appropriate."). "The prime concern [in evaluating the appropriateness of transfer] should be avoiding burdens on local nonparties subject to subpoenas[.]" FED. R. CIV. P. 45 advisory committee's notes (2013). The Court, therefore, considers whether Samsung's request for transfer is "appropriate" in light of ZeniMax's objections.

[3] In so concluding, the Court necessarily rejects ZeniMax's argument that Samsung's request fails for lack of "exceptional circumstances" and finds those authorities cited by ZeniMax inapposite. In each of the cases ZeniMax cites, the nonparty subject to the subpoena did not consent to transfer—the courts in these cases had no choice but to consider whether exceptional circumstances existed. *See, e.g.*, *Gilbert v. Rare Moon Media, LLC*, No. 15-mc-217-CM, 2016 WL 141653, at * 2 (D. Kan. Jan. 12, 2016) (no consent); *CBM Expert, LLC v. Atteberry*, No. 3:14-mc-51-B-BN, 2014 WL 2197840, at *1 (N.D. Tex. May 27, 2014) (same); *Platinum Props. Inv. Network, Inc.*, 2015 WL 5883819, at *2 (same); *Isola USA Corp. v. Taiwan Union Tech. Corp.*, No 15-MC-94003, 2015 WL 5934760, at *2 (D. Mass. Jun. 18, 2015) (same); *Music Grp. Macao Comm. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982, 984 (N.D. Cal. Mar. 2, 2015) (same); *Woods ex rel. U.S.*, 303 F.R.D. at 406 (same). ZeniMax only otherwise cites to *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 15 Misc. 359, 2015 WL 9450645, at *4 (S.D.N.Y. Dec. 18, 2015) in support of its argument that transfer is in appropriate absent exceptional circumstances. This authority also is inapposite, however, because the court there declined to transfer at the nonparties' request not because exceptional circumstances were lacking, but because "Rule 45 merely permits transfer but does not require it." *Id.* And, as Samsung points out, that court "ultimately reconsidered and transferred the matter" [Dkt. 13 at 3], although it did so in the interest of the litigants' convenience, not on the basis of the nonparties' consent, Case No. 1:15-mc-00359, Dkt. 35 at 4.

Samsung argues that transfer is appropriate here because the Northern District of Texas, which is conducting the underlying litigation in this case, is better situated to "evaluate the merits of ZeniMax's Motion to Compel" [Dkt. 13 at 1]. Samsung contends further that there is no nexus between the Eastern District of Texas and the underlying litigation and, "without access to the multitude of sealed pleadings in the underlying suit[,]" Samsung is burdened in "fully defend[ing] against the Motion to Compel" on the merits. *Id.* at 1-2. Samsung points out that "the underlying suit has been pending for more than two years, is extraordinarily complex with a docket of more than 600 filings . . . , and the [court handling that litigation] is already familiar with discovery disputes relating to the same or similar documents that ZeniMax seeks" in its Motion to Compel. *Id.* at 3. Moreover, Samsung notes, the judge presiding over the underlying litigation recently has vacated prior orders referring discovery matters elsewhere and "ruled on those motions three days later[,]" has "reserved ruling for himself [as to two motions to compel] and *sua sponte* ordered expedited briefing schedules [thereon,]" and has "appointed a special master to serve as an additional law clerk and technical advisor in the underlying suit[.]" In light of all of this, Samsung argues, the "[Northern District of Texas] has complete access to the relevant information, working knowledge of that information, and the resources to quickly and efficiently resolve this dispute[,]" thus this Court should transfer. *Id.* at 3.

ZeniMax argues, in opposition, that Samsung "bald[ly] assert[s] that the Northern District of Texas . . . is the only court capable of deciding this issue" and, citing the Advisory Committee Notes to Rule 45, that "it should not be assumed that the [court issuing the subpoena] is in a superior position to resolve subpoena-related motions" [Dkt. 12 at 3]. ZeniMax argues, as well, that the Court's resolution of its Motion to Compel will not disrupt the underlying litigation, as the "[Northern District] has not yet ruled on any issues seeking documents involving Samsung."

*Id.* at 4. Although Samsung asserts that transfer will not prejudice either ZeniMax or Samsung, ZeniMax argues finally that, if the Court transfers its Motion to Compel, ZeniMax will be prejudiced by undue delay in that "any relief granted . . . may not come in time to be useful or used at trial." *Id.* at 5. In this vein, ZeniMax implies that it wishes to take advantage of what it perceives as this Court's "notorious . . . 'rocket docket' and quick rulings in discovery matters" in the present case. *Id.* at 1. In sum, ZeniMax suggests that Samsung seeks transfer only as a delay tactic that the Court should summarily reject. *Id.*

As the *San Juan Cable LLC* court found, a transfer of a subpoena-related motion requested by the nonparty subject to a subpoena is appropriate where that request appears to have been made meritoriously and in good faith. 2015 WL 500631, at *1. Given "[t]he prime concern [of] avoiding burdens on local nonparties" in the transfer of subpoena-related motions, Samsung's consent to transfer weighs heavily in favor of transfer. FED. R. CIV. P 45 advisory committee's notes (2013). In Samsung's words, "because [Samsung] . . . is itself requesting the transfer, there is clearly no risk of [its] being burdened" [Dkt. 5 at 3]. Samsung juxtaposes this prospect of transfer against the burden it would bear by litigating the Motion to Compel in the Eastern District, where it would have limited or no "access to the multitude of sealed pleadings in the underlying suit" [Dkt. 13 at 1-2]. Samsung also proffers strong support for its Motion to Transfer based in the reality that any ruling by the Court on ZeniMax's Motion to Compel would require the Court's developing a deep understanding of the underlying litigation, of which the Northern District of Texas has the greatest grasp [Dkts. 3; 5]. Samsung's appeal is to the respective courts' comparative familiarities with this case, not a "bald assertion that the Northern District of Texas . . . is the only court capable of deciding" whether to grant or deny ZeniMax's Motion to Compel [*compare* Dkts. 5; 13, *with* Dkt. 12 at 3]. It is clear that Samsung's argument

does not merely assume that the Northern District is better situated to evaluate ZeniMax's Motion to Compel, but instead provides ample reason for that Court's resolution of the same. Additionally, the Court's ruling on ZeniMax's Motion to Compel potentially could influence the underlying litigation. The advantages ZeniMax sees in appearing before the Court here (on its "rocket docket," no less) appear, therefore, to be illusory. In sum, Samsung's "requested transfer does not appear to be frivolous or made in bad faith." *See San Juan Cable LLC*, 2015 WL 500631, at *1. Accordingly, the Court finds that Samsung's Motion to Transfer should be granted.[4]

[4] Magistrate judges have authority to issue an order granting or denying a Rule 45 motion to transfer. *Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-CV-01277-JAD-NJ, 2015 WL 4918065, at *2 (D. Nev. Aug. 18, 2015) (citing, *inter alia*, *San Juan Cable LLC*, 2015 WL 500631 at *1); *see also Cadence Pharm., Inc. v. Multisorb Techs., Inc.*, No. 16MC22G, 2016 WL 4267567, at *4 (W.D.N.Y. Aug. 15, 2016).

## CONCLUSION

In light of the foregoing, the Court finds that Samsung consents, through its Motion to Transfer [Dkt. 5], to transfer of ZeniMax's Motion to Compel [Dkt. 1] to the Northern District of Texas, ZeniMax Media Inc., id Software, LLC v. Oculus VR, LLC *et al.*, Civil Action No. 3:14-cv-018490K. The Court finds that Samsung's request is meritorious and made in good faith. Accordingly,

**IT IS THEREFORE ORDERED** that Samsung Electronics America, Inc.'s Motion to Transfer [Dkt. 5] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of this Court transfer the matter to the Northern District of Texas, Dallas Division for further proceedings.

**IT IS SO ORDERED.**

**SIGNED this 12th day of September, 2016.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE